# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>        Petitioner,<br><br>   v.<br><br>DERREL G. ADAMS,<br><br>        Respondent. | 1:08-cv-00983 AWI YNP (DLB) (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. #12] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 10, 2008, Petitioner filed a petition for writ of habeas corpus seeking to have an April 25, 2005, CD 115 expunged. (Doc. #1).

On October 21, 2008, Respondent filed a motion to dismiss asserting that Petitioner's claims are moot. (Doc. #12). On November 10, 2008, Petitioner filed a motion that contained some opposition to the motion to dismiss. (Doc. #13). It is Respondent's motion to dismiss that will be considered herein.

## BACKGROUND

Petitioner has been sentenced to life in prison with the possibility of parole. (Doc. #13 at 2). On April 25, 2005, Petitioner received a Rules Violation Report, or CD 115, for "Willfully Obstructing a Peace Officer In Performance Of Duty." and lost 90 days good time credit. (MTD, Ex.

1  2).

2  The factual account on the report states that while Petitioner was in the law library, another
3  inmate became disruptive causing the library visit to be terminated.  Due to the termination of his
4  library time, Petitioner began to yell and profane that he was not going back just because another
5  inmate became disruptive.  Petitioner willfully obstructed an officer from doing his assigned duty
6  "by his refusal to return all of his legal materials/books and submit to handcuffs for escort back to his
7  assigned unit."  (Id.)  In July 2006, Petitioner's 90 days credit was restored.  (MTD at 3).

8  Petitioner has filed the instant petition because he wants the entire CDC 115 expunged from
9  his record.  (Pet. at 17).  Petitioner claims that merely having his credits restored is not enough
10 because the CDC 115 will be taken into account every time he is up for parole.  (Doc. #13 at 2).
11 Respondent asserts that the claim is moot because Petitioner has already had his credits restored and
12 he does not assert any collateral consequences in his petition.  (MTD at 2-4).

13

14 **DISCUSSION**

15 **I.  Jurisdiction**

16 Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant
17 to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of
18 the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362,
19 375 n.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S.
20 Constitution.  In addition, the rule violation challenged arises out of Corcoran Prison in Kings
21 County, which is located within the jurisdiction of this Court.  28 U.S.C. § 2254(a); 28 U.S.C. §
22 2241(d).  Accordingly, the Court has jurisdiction over the action.

23 On April 24, 1996, Congress enacted the AEDPA, which applies to all petitions for writ of
24 habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood,
25 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996),
26 *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320
27 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition
28 was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II. Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." See Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. *See, e.g.*, O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on Petitioner's failure to allege the existence of a current case or controversy warranting federal habeas relief.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**III.  Mootness**

"A case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2, of the Constitution.'"  Wilson v. C.A. Terhune, 319 F.3d 477, 479 (9th Cir. 2003), *quoting* Spencer v. Kemna, 523 U.S. 1, 7 (1998).  In order for a petitioner to satisfy the case-or-controversy requirement, he must have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings."  Wilson, 319 F.3d 479, *quoting* United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir.) *Cert. Denied*, 534 U.S. 878, (2001).  In other words, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  In this case, the actual injury that Petitioner suffered due to the CDC 115 was the loss of 90 days credit;

1    which was restored years before Petitioner filed this petition.  Thus, unless Petitioner can show
2    collateral consequences that come from the CDC 115 still being on his record, he cannot show a
3    case-or-controversy.
4           The existence of collateral consequences are presumed when a criminal conviction is
5    challenged, this is not the case, however, when the result of a prison disciplinary proceeding is being
6    challenged.  Wilson, 319 F.3d at 479.  Wilson declined to extend the doctrine of presumed
7    consequences to prison disciplinary proceedings, but it left open the question of whether the
8    possibility of denial of parole could be a collateral consequence in some circumstances.  In Wilson,
9    the court found that the mere existence of a CDC 115 would not influence the parole panel near as
10   much as conduct that brought about the CDC 115; which was Wilson's escape from prison.  The
11   court distinguished that case from Robbins v. Christianson, 904 F.2d 492 (9th Cir. 1990), where the
12   petitioner challenged the underlying findings of misconduct, as opposed to Wilson who fully
13   admitted to escaping and challenged the prison's right to issue a CDC 115 for that misconduct.
14   Wilson, 319 F.3d at 482.
15          In this case, Petitioner is distinguishable from Wilson on two important counts.  First,
16   Petitioner states that he was not allowed to present a witness who could prove his actual innocence
17   (Pet. at 2).  Like Robbins, Petitioner is challenging the actual misconduct for which he was convicted
18   where as at no point did Wilson ever claim to be innocent.  Second, Petitioner's misconduct; being
19   disruptive in the library, is in no way as severe as Wilson's escape from prison.  "[T]he
20   consequences of Wilson's escape are not likely to be affected by an order removing the disciplinary
21   conviction form his record," Wilson, 319 F.3d at 482; but the consequences of Petitioner's disruptive
22   behavior in the library will almost certainly cease to follow him into a parole hearing if the
23   conviction is removed from his record.  "Regardless of the length of time served, a life prisoner shall
24   be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an
25   unreasonable risk of danger to society if released from prison."  Cal. Code Regs., tit 15, § 2402(a).
26   One factor on which the panel can rely to find that a prisoner is unsuitable for parole is the fact that
27   the prisoner has engaged in serious misconduct while in prison.  Cal. Code Regs., tit 15, §
28   2402(c)(6).  In Petitioner's case, if the panel looked at his record and saw that he had been punished

for willfully obstructing a peace officer in performance of duty, it would not be unreasonable for the panel to conclude that Petitioner would pose an unreasonable risk of danger to society. Conversely, if the CD 115 was not on his record, the panel would have no other means by which to hold the library incident against Petitioner. Petitioner's case is much closer Robbins than Wilson and should not be considered moot in light of the collateral consequences that could effect his ability to be paroled.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be DENIED.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 19, 2009**           /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE