UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>                    Petitioner,<br><br>    v.<br><br>DERREL G. ADAMS,<br><br>                    Respondent. | 1:08-cv-00983 AWI YNP (DLB) (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. #12] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

In September 2006, Petitioner was determined to be involved with the Mexican Mafia prison gang. (Mot to Dismiss at 2). The Institutional Gang Investigator who wrote the report recommended that Petitioner be closely monitored for any future activity with the gang. (Id.). Petitioner tried to appeal the report several times at the second level of the prison administrative appeals process but was rejected due to untimeliness. (Id., Ex. 3). Petitioner was also rejected at the third administrative level due to his failure to complete the second level. (Id., Ex. 4).

Petitioner filed a petition for writ of habeas corpus to have this determination of gang involvement expunged from his record because it could have adverse affects on his ability to be released on parole. (Opp'n to Mot. To Dismiss at 5). His petition with the Fresno County Superior Court was denied because Petitioner failed to provide any explanation as to why he waited six months between his final rejection at the administrative level and filing with the superior court. (Mot. to Dismiss, Ex. 5). Petitioner's petition to the California Supreme Court was denied with a

1   citation to In re Dexter, 25 Cal.3d 921 (1979), for failure to exhaust administrative remedies.  (Id.,
2   Ex. 6).
3        Petitioner filed his petition with this Court on August 8, 2008. (Doc. #1).  On November 10,
4   2008, Responded filed a motion to dismiss the petition on the grounds that Petitioner failed to
5   exhaust state court remedies and that he does not present a claim for which habeas relief is available.
6   (Doc. #11).  Petitioner filed an opposition to the motion to dismiss on November 26, 2008.  (Doc.
7   #14).  Respondent filed a reply to Petitioner's opposition on December 5, 2008.  (Doc. #15).   It is
8   Respondent's motion to dismiss that will be considered here.

9                                         **DISCUSSION**

10  **I.  Jurisdiction**
11       Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant
12  to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of
13  the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362,
14  375 n.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S.
15  Constitution.  In addition, the controversy arises out of Pleasant Valley State Prison Fresno County,
16  which is located within the jurisdiction of this Court.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).
17  Accordingly, the Court has jurisdiction over the action.
18       On April 24, 1996, Congress enacted the AEDPA, which applies to all petitions for writ of
19  habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood,
20  114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996),
21  *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320
22  (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition
23  was filed after the enactment of the AEDPA; thus, it is governed by its provisions.
24  **II. Procedural Grounds for Motion to Dismiss**
25       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
26  petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." *See*
27  Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).
28       The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. *See, e.g.*, O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12. In this case, Respondent has not yet filed a formal answer so the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**III.  Standing**

Article III, § 2, of the Constitution gives the federal courts jurisdiction over only "cases and controversies." U.S. Const. Art. III, § 2, cl. 2. In order for a petitioner to satisfy the case-or-controversy requirement "he must demonstrate that he has suffered an 'injury in fact.'" Whitmore v. Arkansas, 495 U.S. 149, 155 (1990). In other words, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). In this case, Petitioner does not claim that he has suffered any actual injury to do the determination that he associates with the Mexican Mafia; instead he claims that he will be subject to injury in the future when his parole will be denied due to this association.

In most cases, allegations of future injury cannot satisfy the requirements of Article III. "A threatened injury must be 'certainly impending' to constitute and injury in fact." Whitmore, 495 U.S. at 158. Petitioner's allegation of future injury is far too speculative to be "certainly impending." Petitioner's parole hearing will not take place until 2042; there is no way that Petitioner can prove that this report will be a deciding factor in the parole board's decision thirty-three years from now. Petitioner claims that it is obvious that being associated with a prison gang will effect his parole "no matter how far off that parole may be." (Opp'n to Mot. to Dismiss at 5). The Court recognizes the severity of being linked with a known prison gang but also recognizes that such association is not dispositive of being released on parole, especially with so much time remaining on

1  Petitioner's sentence.  There have been plenty of prisoners who were at one time associated with a
2  prison gang who have gone on to be released on parole.  If actual gang members can achieve parole,
3  it should not be impossible for Petitioner, who claims he is not a member of the gang, to use the next
4  thirty-three years to distance himself from gang activity and conduct himself as a model prisoner
5  worthy of parole.

### CONCLUSION

7  Due to the lengthy period of time until Petitioner may even be considered for parole, his
8  habeas claim is far too attenuated to constitute an actual injury and therefore does not have standing
9  to bring his claim before this Court.  Because Petitioner does not have standing, the Court does not
10 need to examine the exhaustion question.  Respondent's motion to dismiss should be GRANTED.

### RECOMMENDATION

12 Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be
13 GRANTED.
14 This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
15 States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule
16 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
17 California.  Within thirty (30) days after being served with a copy of this Findings and
18 Recommendation, any party may file written objections with the Court and serve a copy on all
19 parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and
20 Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days
21 (plus three days if served by mail) after service of the Objections.  The Finding and
22 Recommendation will then be submitted to the District Court for review of the Magistrate Judge's
23 ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections
24 within the specified time may waive the right to appeal the Order of the District Court.  Martinez v.
25 Ylst, 951 F.2d 1153 (9th Cir. 1991).
26 IT IS SO ORDERED.
27 Dated:  August 31, 2009           /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE
28