UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>        Petitioner,<br><br>    v.<br><br>DERREL G. ADAMS,<br><br>        Respondent. | 1:08-CV-983 AWI YNP (DLB) (HC)<br><br>ORDER ON FINDINGS & RECOMMENDATION, ORDER DISMISSING COMPLAINT, AND ORDER DENYING MISCELLANEOUS MOTION<br><br>[Doc. Nos. 12, 13, 16] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner complains about a discipline violation that he received in prison. He seeks, *inter alia*, a restoration of good time credits and expungement of the punishment from his record. Defendant filed a motion to dismiss on October 31, 2008, arguing that the good time credits have been restored and that the petition is now moot. Petitioner filed a motion for sanctions, appointment of counsel, stay, and extension of time in which to respond. See Court's Docket Doc. No. 13 ("opposition filing"). In the "opposition filing," Petitioner states that his case involves more than time credits and that his punishment "has been, and will continue to be, referenced at [his] parole consideration hearings to deny parole." Id. Shortly thereafter, Petitioner filed an opposition to the motion to dismiss. See id. at Doc. No. 14. The opposition relates mostly to the validity of the discipline violation. Regarding mootness, the opposition states, "as described above, and in my petition, this case is not 'moot' as Respondent alleges. My claims involve matters prior to and post the credit loss." Id. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

The Magistrate Judge issued a Findings and Recommendation on August 19, 2009, that recommended the motion to dismiss be denied. The Magistrate Judge found that the petition was not moot due to the potential collateral consequences of the punishment/violation on Petitioner's parole eligibility hearings. After receiving an extension, Respondent filed objections to the Findings and Recommendation on September 28, 2009. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case.

The petition in this case does not discuss the existence of any collateral consequence or discuss any use by the parole board of Petitioner's discipline violation. See Court's Docket Doc. No. 1. Although the "opposition filing" mentions prior and future parole decisions, it does so without any support or elaboration. See Court's Docket Doc. No. 13. The opposition is more conclusory and does not mention parole or any other consequences of the discipline violation. See id. at Doc. No. 14. The Ninth Circuit has held, "Because the decision whether to grant parole is left to 'the judgment of the' Board of Prison Terms, Cal. Code Regs. tit. 15, § 2402, the likelihood of delayed or denied parole is a type of nonstatutory consequence dependent on discretionary decisions that is insufficient to apply the presumption of collateral consequences." Wilson v. Terhune, 319 F.3d 477, 481 (9th Cir. 2003). The *Wilson* court concluded by stating, "[t]he collateral consequences Wilson alleges regarding parole are discretionary decisions and therefore speculative . . . ."[1] Id. at 483. Also, the Ninth Circuit has recently characterized parenthetically *Wilson* as holding, "impaired parole prospects do not constitute collateral consequences." Carranza v. Gomez, 221 Fed. Appx. 582, 583 (9th Cir. 2007).

In light of *Carranza*, *Wilson*, the petition, and the opposition filing, the Court must conclude that the potential use of Petitioner's punishment/violation at a parole eligibility hearing is too speculative to be considered a collateral consequence. Since the time credits have been restored, this case is moot as Petitioner has not identified any collateral consequences or cognizable injury. The Court therefore respectfully disagrees with the Findings and Recommendation and will instead dismiss this case.

---

[1] The *Wilson* Court also stated that the parole board was "more likely to be affected by the fact of escape, a finding that he does not challenge, rather than the 115." Wilson, 319 F.3d at 482.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court declines to adopt the Findings and Recommendation issued on August 19, 2009;
2. Respondent's motion to dismiss is GRANTED and this case is DISMISSED as MOOT;
3. All other pending motions are DENIED; and
4. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

**Dated:   September 30, 2009**               /s/ Anthony W. Ishii
CHIEF UNITED STATES DISTRICT JUDGE