1

2

3

4

# UNITED STATES DISTRICT COURT

5

### EASTERN DISTRICT OF CALIFORNIA

6

7   ANDREW R. LOPEZ,                    )        1:08-CV-983 AWI YNP (DLB) (HC)
                                        )
8                  Petitioner,          )
                                        )
9                                       )
                                        )        ORDER DECLINING TO ISSUE
10        v.                            )        CERTIFICATE OF APPEALABILITY
                                        )
11                                      )
                                        )
12   DERREL G. ADAMS,                   )
                                        )
13                  Respondent.         )
     _____)
14

15        Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and

16   complained about a discipline violation that he received in prison.  Petitioner sought restoration of

17   good time credits and expungement of the punishment from his record.  On September 30, 2009, the

18   Court declined to adopt a Findings and Recommendation.  Instead, the Court granted respondent's

19   motion to dismiss and dismissed the matter as moot because Petitioner's good time credits had been

20   restored.  The Court found that the possible use of the rules violation by a future Board of Parole

21   Hearings panel was too speculative an injury, see Carranza v. Gomez, 221 Fed. Appx. 582, 583 (9th

22   Cir. 2007);  Wilson v. Terhune, 319 F.3d 477, 481 (9th Cir. 2003), and that the case was thus moot.

23        On October 13, 2009, Petitioner filed a notice of appeal.

24        On July 14, 2010, the Ninth Circuit remanded the case to this Court for the limited purpose of

25   determining whether a certificate of appealability should be issued.  The remand was in light of a

26   change regarding certificates of appealability in *Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir.

27   2010) (en banc).

28        A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

district court's denial of his petition, and an appeal is only allowed in certain circumstances.

Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, a certificate of appealability may only be issued "if jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El, 537 U.S. at 327; see Hayward, 603 F.3d at 553.  There must be "something more than the absence of frivolity or the existence of mere good faith" to justify the issuance of a certificate of appealability.   Miller-El, 537 U.S. at 328; see Hayward, 603 F.3d at 553.

In this action, the Court finds that reasonable jurists would not disagree with this Court's denial of the petition.  Based on the evidence, reasonable jurists would not disagree that Petitioner's petition is moot because Petitioner's injury is too speculative.  See Carranza v. Gomez, 221 Fed. Appx. 582, 583 (9th Cir. 2007); Wilson v. Terhune, 319 F.3d 477, 481 (9th Cir. 2003).

Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   July 15, 2010

_____
CHIEF UNITED STATES DISTRICT JUDGE